DEAN WITTER REYNOLDS INC. *v.* Betty Lou
DEISLINGER

86-33                                      711 S.W.2d 771

Supreme Court of Arkansas
Opinion delivered June 16, 1986

*Wright, Lindsey & Jennings*, by: *Peter G. Krempe & Walter McSpadden*, for appellant.

*Robert L. Brown, P.A.*, by: *Robert L. Brown*, for appellee.

JOHN I. PURTLE, Justice. This is an appeal from the action of the circuit court that set aside an arbitration award. In setting aside the award the court made three findings: (1) that the transcript of the arbitration hearing was incomplete, (2) that the

arbitrators rejected relevant evidence and (3) that the arbitration panel exhibited partiality in favor of the appellant. We do not agree with any of the reasons stated for setting aside the award; therefore, we reverse the order of the circuit court.

On November 18, 1981, the appellant and the appellee entered into an agreement whereby the appellee was to receive $18,000.00 over a period of three months. The payments were to be made in three equal payments of $6,000.00. The appellee agreed that she would remain in the appellant's employment for thirty-six (36) months. On January 27, 1982, the appellee submitted her resignation. Approximately one month later the appellant demanded repayment of $6,955.17, representing previously advanced payments. The appellee refused repayment and on August 31, 1982, the appellant filed a claim against Deislinger for $13,950.00. The appellee filed an answer denying the claim and counterclaimed for $25,000.00 damages for breach of contract.

Subsequently the parties voluntarily agreed to submit the dispute to arbitration. Three members were selected to hear the dispute; however, on the day scheduled for the hearing one member failed to appear. Upon agreement of the parties, the hearing proceeded with the two-member panel. The panel proceeded in accordance with the National Association of Securities Dealers, Inc. (NASD) Code of Arbitration Procedures. During the hearing the arbitrators refused to admit evidence concerning the appellant's payments to other employees. The arbitrators found this to be irrelevant. The reviewing court found that this evidence should have been admitted pursuant to Unif. R. Evid. 406.

The panel awarded appellant the sum of $7,813.70 and denied appellee's counterclaim. Upon the petition of the appellee, the Pulaski Circuit Court set aside the arbitration award. This appeal is from that order.

The Arkansas arbitration and award procedures are set forth in Ark. Stat. Ann. § 34-501 (Supp. 1985) et seq. Vacating an arbitration award is specifically controlled by Section 522. Arkansas Stat. Ann. § 34-522 (a)(2) states: "Upon application of a party, the Court shall vacate an award where . . . there was evident partiality by an arbitrator appointed as a neutral or

corruption in any of the arbitrators or misconduct prejudicing the rights of any party." This statute further provides: "But the fact that the relief was such that it could not or would not be granted by a Court of law or equity is not ground for vacating or refusing to confirm the award."

In the instant case the court found that the panel demonstrated on numerous occasions their bias in favor of the appellant. Subsection (2), quoted above, appears to be the only statutory ground used by the court in setting aside the award. We find that no partiality was demonstrated.

56 A.L.R. 3d 697 (1973), *Setting Aside Arbitration Award on the Ground of Interest or Bias of Arbitrators*, states that it is well established that the interest, partiality, or bias which will overturn an arbitration award must be certain and direct, and not remote, uncertain or speculative. This authority also states that the party attempting to set aside the award bears the burden of proof to establish partiality. Even though Unif. R. Evid. 406 may have permitted some of the excluded evidence to have been considered in a court of law or equity, the exclusion of this evidence in an arbitration proceeding is not a statutory ground for vacating the award. Section 34 of the NASD Code of Arbitration states: "The arbitrators shall determine materiality and relevance of any evidence proffered and shall not be bound by rules governing the admissibility of evidence." The NASD Code also states that no record of arbitration proceedings shall be kept unless a party or an arbitrator requests that a record be made. The record of the arbitration hearing was complete except for a few gaps of short duration.

In Arkansas arbitration is strongly favored by public policy and is looked upon with approval by courts as a less expensive and expeditious means of settling litigation and relieving congestion of court dockets. *McEntire* v. *Monarch Feed Mills, Inc.*, 276 Ark. 1, 631 S.W.2d 307 (1982). We have recently addressed the weight to be given an arbitration award in *Wessell* v. *Crossett Public School Dist. #52*, 287 Ark. 415, 701 S.W.2d 99 (1985). There we stated: "The decision of the arbitration board on all questions of law and fact is conclusive. [Citations omitted.] The court shall confirm an award unless grounds are established to support vacating or modifying the award."

The parties to this action voluntarily entered into an arbitration agreement and further agreed that two arbitrators would decide the dispute. Having entered into this agreement, there is a moral and legal duty to abide by the award in the absence of valid reason not to do so. Simply being dissatisfied with the results is not a good reason for setting aside the award.

Neither the failure to keep a record nor the failure to follow the rules of evidence is enumerated in Ark. Stat. Ann. § 34-522 as being a ground for setting aside an arbitration award. Nor does the record or citation of authority support the allegation of partiality on the part of any member of the panel. The application of the arbitration statutes to the facts of this case is not challenged by either party.

The order of the court was in error and we reverse and remand with instructions to vacate the order setting aside the arbitration award.

Reversed and remanded.