773 P.2d 732

**John J. MELTON, individually and Melton Development and Construction Company, Inc., a New Mexico corporation, Applicants–Appellees,**

v.

**Gary LYON and Jeanne Lyon, Respondents–Appellants.**

**No. 17914.**

Supreme Court of New Mexico.

May 10, 1989.

Garber & Hallmark, P.C., Bruce S. Garber, Santa Fe, for respondents-appellants.

Simons, Cuddy & Friedman, Thomas A. Simons, IV, Santa Fe, for applicants-appellees.

OPINION

SOSA, Chief Justice.

In accordance with the provisions set forth in our Uniform Arbitration Act, NMSA 1978, Sections 44–7–1 through –22, property owners Gary Lyon and Jeanne Lyon (the Lyons) appeal the order of confirmation of an arbitration award entered in favor of the contractor, John J. Melton and Melton Development and Construction Company (Melton). Melton was awarded $60,800 by the arbitrator and immediately

applied to the district court for confirmation of the award in accordance with Section 44–7–11. The Lyons applied for vacatur of the award pursuant to Section 44–7–12 claiming partiality and bias on the part of the arbitrator. After entertaining the competing applications, the district court confirmed the award and entered judgment thereon. We affirm.

The Lyons contracted with Melton to construct a warehouse-office complex in Santa Fe, which later would be conveyed by the Lyons in their acquisition of other Santa Fe real estate to be used in their development of a retirement community. By agreement of the parties, all claims and disputes arising from the construction contract were to be resolved through arbitration to be supervised by the American Arbitration Association (AAA) in accordance with the Construction Industry Arbitration Rules. A dispute arose concerning money owed on the construction contract and arbitration was demanded by the Lyons and finally ordered by the district court.

As part of the arbitrator-selection process, the AAA provided the parties with general biographical information on potential arbitrators including Robert Lockwood. In April 1985, the attorneys for both parties included Lockwood's name on a list of those suitable to serve as the sole arbitrator. The AAA approved Lockwood through a notice of appointment which included five disclosures by Lockwood concerning past or present relationships with the parties or their counsel. None of the disclosures indicated an affiliation between Lockwood and Windflower Corporation, a Minnesota group that specialized in the construction and selling of retirement residences in New Mexico and other locations, and an alleged competitor of the Lyons in the market of retirement community developments.

During a preliminary hearing, the issues were solidified, administrative matters were clarified, and a four-day hearing was scheduled for October 1985. The Lyons claim they first became aware of Lockwood's affiliation with Windflower after having a conversation with him on the first morning of the proceedings. After two days the arbitration hearing was suspended while the Lyons' request for disqualification of Lockwood was under advisement by the AAA.

Lockwood responded to the Lyons' claim with a general statement regarding his involvement with Windflower. He stated that (1) he was part of Windflower's New Mexico development team as its construction consultant; (2) the Albuquerque project was scheduled to begin construction in approximately eight months from the date of his statement; (3) the Santa Fe project had been shelved because "the project was not feasible at this time"; (4) he had not worked on the Boulder project; (5) his knowledge about the Lyons' Santa Fe project was gained from the newspaper, his involvement in his neighborhood association, and a discussion he had with Mrs. Lyon in the reception area of a Santa Fe bank; (6) he had no idea how the warehouse-office complex project was related to the retirement community development or Windflower; and (7) his responsibility for Windflower was cost control of the construction.

The AAA decided that Lockwood's disclosures did not disqualify him from serving as the arbitrator over the dispute between Melton and the Lyons. In making its determination, the AAA characterized the Lyons' allegations as indefinite, speculative, and uncertain. The hearing reconvened for two days in August 1986, with a final decision issued in October.

■ The district court's review of an arbitration award is limited by Sections 44–7–12 and –13. It is not the function of the court to hear the case de novo and consider the evidence presented to the arbitrators, but rather to conduct an evidentiary hearing and enter findings of fact and conclusions of law upon each issue raised in the application to vacate or modify the award. *State ex rel. Hooten Constr. Co. v. Borsberry Constr. Co.*, 108 N.M. 192, 769 P.2d 726 (1989). This Court is required by Section 44–7–19(B) to take the appeal "in the manner and to the same extent as from orders or judgments in a civil action." Ac-

cordingly, we will not disturb findings made by the district court which are supported by substantial evidence. *Elephant Butte Resort Marina, Inc. v. Wooldridge*, 102 N.M. 286, 291, 694 P.2d 1351, 1356 (1985). In determining whether a finding has substantial support, the reviewing court must view the evidence in the light most favorable to support the finding, and all reasonable inferences in support of the court's decision will be indulged. *Cave v. Cave*, 81 N.M. 797, 474 P.2d 480 (1970).

The Lyons challenge as unsupported the district court's findings that disclosure of Lockwood's role with Windflower was made and that the Lyons had obtained some knowledge about his role prior to the commencement of the proceedings. The Lyons claimed in their application, as they now claim on appeal, that the arbitration award should have been vacated pursuant to Section 44–7–12(A)(2) where "there was evident partiality by an arbitrator appointed as a neutral * * *." The Lyons contend that Lockwood failed in his duty to disclose the relationship with Windflower prior to the beginning of the arbitration. The claim is based on the Lyons' belief that at the time of the first hearing in October 1985, Lockwood was involved with Windflower and that he and Windflower stood to benefit financially if the Lyons were unable to purchase the land for their retirement community project.

In support, the Lyons submitted the affidavit of C.L. Brown, one of the sellers of the land, who attested that Windflower previously indicated an interest in purchasing the same property. He further attested that in the event the Lyons did not complete the purchase, he would have contacted Windflower, as he considered it to be interested in the property. However, during the district court's hearing in March 1988, Brown repudiated that portion of his 1985 affidavit. He stated that he did not prepare the affidavit, and that he now realized he had attested to a misstatement. He merely had hoped Windflower would have been interested in the property had the Lyons decided not to purchase it, but he did not have a commitment or specific request from Windflower.

■ Once an arbitration award is entered, the finality of arbitration weighs heavily in its favor and cannot be upset except under exceptional circumstances. *Ormsbee Dev. Co. v. Grace*, 668 F.2d 1140, 1147 (10th Cir.), *cert. denied, Grace v. Santa Fe Pac. R.R. Co.*, 459 U.S. 838, 103 S.Ct. 84, 74 L.Ed.2d 79 (1982). The Lyons have presented this Court with no such circumstances justifying reversal of the judgment, and have failed in their burden of sustaining an attack on the legality of the arbitration award. In *Ormsbee*, the arbitrator and the law firm of one of the parties had similar clients, however, as in the present case, the arbitrator was not financially involved with either party. The court held, despite the arbitrator's nondisclosure, that to vacate an award on those grounds would require arbitrators to sever all ties with the business world. Only clear evidence of impropriety justifies a denial of confirmation of an award. *Id.* "For an award to be set aside, the evidence of bias or interest of an arbitrator must be direct, definite and capable of demonstration rather than remote, uncertain, or speculative." *Id.*

■ In confirming the award, the district court found that (1) Windflower employed Lockwood on an hourly basis between March and August 1985, and was paid a one-time fee for his services; (2) Lockwood had no ownership interest in Windflower; and (3) Lockwood's relationship with Windflower had been terminated before the Lyons acquired and developed their retirement community. The court also found that because of the AAA's experience, knowledge, and involvement in the Melton–Lyon case, it was in a superior position to assess the impartiality of the arbitrator. The record contains substantial evidence in support of these findings.

While recognizing the possibility that within a community the size of Santa Fe county, parties could know each other, or have had some passing business or social contact, the court noted one principle of arbitration to be the appointment of an arbitrator who possesses knowledge of lo-

cal customs and practices within a particular trade. The court concluded, however, that such knowledge or past relationship would not require disqualification of the arbitrator. We urge arbitrators to avoid the appearance of impropriety by following the AAA guidelines which call for disclosure of any contacts or associations with either party. In this case, however, we find the arbitrator's lack of disclosure to be, at most, harmless error since Lockwood had no ongoing relationship with Windflower and, thus, no form of potential bias or pecuniary interest in the case.

■ With regard to the Lyons' contention that vacatur was necessary because of the failure to have the arbitration proceedings recorded, we refer to the case of *Malibu Pools of New Mexico, Inc. v. Harvard,* 97 N.M. 106, 637 P.2d 537 (1981), wherein it is stated that a record of the proceedings is not a prerequisite to the appeal provisions afforded by the Uniform Arbitration Act. Moreover, as noted in the judgment, the record is silent on a timely objection by the Lyons concerning the preparation of a record. Consequently, we find that the Lyons waived any objection on this point by participating in the arbitration.

■ Finally, the Lyons claim that the district court erred in not vacating the award based upon the arbitrator's refusal to postpone the hearing upon their request. *See* NMSA 1978, § 44–7–5(A) (arbitrator may adjourn hearing as necessary for good cause). The Lyons submit that Lockwood displayed evident partiality when he became angry and antagonistic toward them and their attorney for seeking his disqualification. They contend that because of Lockwood's reaction, their first attorney felt compelled to withdraw from the case, and that the statutory grounds for vacatur were established when Lockwood refused to grant an extension to enable their second attorney time to prepare for the hearing.

The record reveals that after December 1985, when the AAA ruled to allow Lockwood to continue serving as the arbitrator, three continuances were granted. The last continuance came after the withdrawal of the Lyons' first attorney one day before the hearing. From the date of his withdrawal to the date of the new setting, the Lyons' second attorney had approximately one month to prepare for the reconvened hearing. The letter granting the last continuance stated that no further continuances would be granted; however, despite the clear language, the Lyons' second attorney attempted to gain a continuance up to the day of the scheduled hearing. As noted in *State ex rel. Hooten,* the district court properly deferred to the discretion of the arbitrator on whether a continuance would have been necessary. 108 N.M. at 196, 769 P.2d at 730. After a review of the record, we find no error by the district court in upholding the arbitrator's decision.

Accordingly, for the reasons discussed above, the judgment of the district court is affirmed in its entirety.

IT IS SO ORDERED.

STOWERS and RANSOM, JJ., concur.