844 P.2d 807

**SPAW–GLASS CONSTRUCTION SERVICES, INC., Plaintiff–Petitioner,**

v.

**VISTA DE SANTA FE, INC., Defendant–Respondent.**

No. 20398.

Supreme Court of New Mexico.

Dec. 10, 1992.

Rehearing Denied Jan. 11, 1993.

Sheehan, Sheehan & Stelzner, P.A., Timothy M. Sheehan, Kim A. Griffith, Albuquerque, Clark, Thomas, Winters & Newton, Mark T. Mitchell, John F. Williams, Austin, Tex., for plaintiff-petitioner.

Love & McClelland, Jack L. Love, Albuquerque, for defendant-respondent.

OPINION

FRANCHINI, Justice.

Spaw–Glass Construction Services, Inc. (Spaw), appeals from a partial summary judgment in favor of Vista De Santa Fe, Inc. (Vista), dismissing Spaw's petition to confirm an arbitration award pursuant to NMSA 1978, Section 44-7-11. Because

this case involves an important issue and an immediate appeal would advance the ultimate termination of this case, we granted Spaw's application for interlocutory appeal. *See* SCRA 1986, 12–203 (Repl.Pamp.1992). We reverse the district court and remand for entry of the arbitration award.

## I.

The undisputed facts pertinent to our disposition of this appeal are as follows. On August 24, 1988, Spaw and Vista entered into two separate contracts for the construction of a retirement center. On November 9, 1989, the project was substantially completed. In April of the next year, Spaw filed a breach of contract action in Texas. Vista rejected this judicial forum, and instead demanded arbitration based on the following contract provision: "Any controversy or Claim arising out of or related to the Contract, or the breach thereof, shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association * * *."

A four-day arbitration hearing was held in front of an American Arbitration Association panel. At the conclusion of the process, the panel rejected Vista's claims and entered an award in favor of Spaw in the amount of approximately $164,000.

On June 19, 1991, Spaw filed an enforcement action to reduce the arbitration award to judgment in accordance with the provisions set forth in the Uniform Arbitration Act, NMSA 1978, Sections 44–7–1 to –22 (Arbitration Act). Spaw filed a Motion for Summary Judgment seeking confirmation and entry of judgment on the arbitration award. § 44–7–11. Vista in turn filed a Motion for Partial Summary Judgment, asserting that Spaw was barred from bringing suit because it was not a licensed contractor at certain times material as required by the Construction Industries Licensing Act, NMSA 1978, Sections 60–13–1 to –59 (Repl.Pamp.1989) (CILA). Vista relied on Section 60–13–30(A) of the CILA which prohibits a contractor from bringing "any action * * * for the collection of compensation * * * without alleging and proving that such contractor was a duly licensed contractor at the time the alleged cause of action arose."

The district court held a hearing on the summary judgment motions and issued a Memorandum Decision on December 2, 1991. After denying a Motion to Reconsider, the district court issued an Amended Memorandum Decision on January 21, 1992. The court concluded that Spaw was not duly licensed at the time its cause of action arose, thereby bringing it within the prohibition of Section 60–13–30. The district court further determined that the "arbitration itself is a nullity because one of the participants, Spaw–Glass, had no right to participate." On January 29, 1992, the court issued an Order denying Spaw's Motion for Summary Judgment and for Reconsideration and granting Vista's Motion for Partial Summary Judgment, based on the determinations set forth in the Amended Memorandum Decision.

## II.

On appeal, Spaw argues that the district court erred when it set aside a final arbitration award based on Spaw's alleged violation of the CILA. We agree.

We recognize New Mexico's strong public policy encouraging dispute resolution through arbitration and favoring finality and strictly limited court review of arbitration awards. *See, e.g., State ex rel. Hooten Constr. Co. v. Borsberry Constr. Co.*, 108 N.M. 192, 193, 769 P.2d 726, 727 (1989); *Dairyland Ins. Co. v. Rose*, 92 N.M. 527, 530, 591 P.2d 281, 284 (1979). We must exercise "great caution when asked to set aside an arbitration award, which is the product of the theoretically informal, speedy and inexpensive process of arbitration, freely chosen by the parties." *Hooten*, 108 N.M. at 193, 769 P.2d at 727. The function of a trial court is not to hear a case de novo. *Id.* Here, Vista demanded arbitration, and the process was completed without objection or reservation.

The district court's decision ignores the strict limitations on vacation of an arbitra-

tion award set forth in Section 44–7–12(A) of the Arbitration Act. Essentially, a district court can vacate an award when:

(1) the award was procured by corruption, fraud or other undue means;

(2) there was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;

(3) the arbitrators exceeded their powers;

(4) the arbitrators refused to postpone the hearing upon sufficient cause * * *; or

(5) there was no arbitration agreement and the issue was not adversely determined in proceedings under Section 2 * * * and the party did not participate in the arbitration hearing without raising the objection. The fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.

*Id.*

Instead of stating which provision it relied on to vacate the award, the district court declared the arbitration a nullity because Spaw had no right to participate and because Spaw failed to disclose its unlicensed status until compelled by discovery. The district court, in part, relied on the case of *Shaw v. Kuhnel & Associates, Inc.*, 102 N.M. 607, 698 P.2d 880 (1985), to support its holding that Spaw could not have entered into arbitration. In *Shaw*, we held that arbitration may not be compelled when the party seeking to force arbitration is not properly licensed as a contractor. *Id.* at 608, 698 P.2d at 881. *Shaw* did not address whether the issue of proper licensure would go beyond the powers of the arbitrators if, as here, both parties agreed to have all their disputes settled by arbitration and participated fully in the process without objection or reservation.

■ The arbitrator's powers are determined by the arbitration clause in the contract. *See K.L. House Constr. Co. v. City of Albuquerque*, 91 N.M. 492, 494, 576 P.2d 752, 754 (1978). In this case, the arbitra-

tion clause covered "[a]ny controversy or [c]laim arising out of or related to the [c]ontract." The question of whether Spaw was properly licensed has a reasonable relationship to the subject matter of the contract and, accordingly, was within the power or jurisdiction of the arbitration. *See K.L. House*, 91 N.M. at 494, 576 P.2d at 754 (holding that if there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the underlying contract, a particular disputes should be arbitrated).

We hold that the failure to state a cause of action under the CILA was a defense which should have been raised by Vista when the merits of the dispute were heard by the arbitrators. By failing to raise the licensing issue before the arbitrators, the defense was waived. *See Ormsbee Dev. Co. v. Grace*, 668 F.2d 1140, 1153 (10th Cir.) (holding that litigant waived his claims by failing to advance them in previous arbitration proceeding), *cert. denied*, 459 U.S. 838, 103 S.Ct. 84, 74 L.Ed.2d 79 (1982); *see also* D.J. Penofsky, Annotation, *Participation in Arbitration Proceedings as Waiver of Objections to Arbitrability*, 33 A.L.R.3d 1242 (1970) (collecting cases holding that participation in arbitration, without objection, waives right to question arbitratability of case).

■ Our holding here is consistent with our recent holding in *Sundance Mechanical & Utility Corp. v. Atlas*, 109 N.M. 683, 789 P.2d 1250 (1990). In *Sundance*, we held that the failure to allege compliance with the CILA did not deprive the trial court of jurisdiction to grant a default judgment. *Id.* at 690, 789 P.2d at 1257. We further explained that, pursuant to SCRA 1986, 1–012(H), failure to state a claim upon which relief can be granted provided a defense that may be raised during the pendency of the action including trial on the merits. *Sundance*, 109 N.M. at 690, 789 P.2d at 1257. As such, the requirement in this case that Spaw be a licensed contractor was a non-jurisdictional defense and was subsumed into the arbitration award. Although *Sundance* states that such a defense may be raised for the first time on appeal, here we are dealing

with a final merits determination of an arbitration which is subject to being set aside only for reasons set out in Section 44–7–12. It is clear that a court is not permitted to engage in second-guessing arbitrators. *See Hooten,* 108 N.M. at 193, 769 P.2d at 727. It was the role of the arbitrators and not of the district court to determine the merits of any claims and legal and factual defenses relating to the parties' dispute.

■ Even if the district court correctly determined that Spaw's alleged violation of the CILA left it without an enforceable arbitration agreement, Section 44–7–12(A)(5) would apply. That section permits an attack on the arbitration award only if:

> the issue was not adversely determined in proceedings under Section 2 * * * and the party did not participate in the arbitration hearing without raising the objection. The fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.

*Id.* The Section 2 proceedings referenced above allows a party to avoid arbitration by means of a motion to stay if there is in fact no enforceable agreement to arbitrate. § 44–7–2(B). That section does not apply here because Vista chose to compel arbitration and participated "in the arbitration hearing without raising the objection." § 44–7–12(A)(5). Under these circumstances, the arbitration award is enforceable regardless of whether Spaw could have brought a court action seeking compensation as an unlicensed contractor. The arbitration award is confirmable even if "the relief was such that it could not or would not be granted by a court of law or equity * * *." *Id.*

Finally, our holding harmonizes the Uniform Arbitration Act and the Construction Industries Licensing Act. "[W]here two statutes can be construed together and thus preserve the objects to be obtained by each, they should be so construed, where no contradiction or unreasonableness would result." *State ex rel. State Park & Recreational Comm'n v. New Mexico State Auth.,* 76 N.M. 1, 29, 411 P.2d 984, 1004 (1966). Our holding that the failure to state a cause of action under the CILA was a defense that should have been raised in

arbitration, does not contravene the underlying policy reasons behind the Act. The purpose of the CILA is to protect the public from substandard or hazardous construction while providing protection against fiscal irresponsibility of contractors. § 60–13–1.1. Parties are still afforded the protection of the CILA, they just are required to raise the defense in the arbitration or alternatively, resist arbitration and, insist upon a judicial resolution, as was done in *Shaw.* The CILA "should not be transformed into an unwarranted shield for the avoidance of a just obligation." *Peck v. Ives,* 84 N.M. 62, 66, 499 P.2d 684, 688 (1972). Vista chose to compel arbitration, thereby bringing into play the limitations of Section 44–7–12(A). Those limitations now foreclose Vista from raising the licensing issue as a defense, and the district court erred in holding otherwise.

Therefore, we reverse the judgment of the district court and remand for entry of a judgment confirming the final binding arbitration award and dismissing Vista's counterclaim.

IT IS SO ORDERED.

BACA and MONTGOMERY, JJ., concur.