857 P.2d 28

**In the Matter of the ARBITRATION BETWEEN the TOWN OF SILVER CITY AND THE SILVER CITY POLICE OFFICERS ASSOCIATION (Mario Garcia, Grievant):**

**TOWN OF SILVER CITY, a municipal corporation, Plaintiff–Appellant,**

**v.**

**Mario GARCIA, Defendant–Appellee.**

**No. 20975.**

Supreme Court of New Mexico.

July 9, 1993.

Foy, Foy & Castillo, P.C. Celia Foy Castillo, Silver City, for plaintiff-appellant.

Kenneth R. Wagner & Associates, P.A., Kenneth R. Wagner, Phillip P. Baca, Albuquerque, for defendant-appellee.

## OPINION

BACA, Justice.

Plaintiff-appellant, the Town of Silver City, New Mexico (the "City"), appeals the judgment of the district court confirming an arbitration award in favor of defendant-appellee, Mario Garcia. On appeal, we address whether the district court erred when it refused to vacate Garcia's arbitration award. We review this case under SCRA 1986, 12–102(A)(1) (Repl.Pamp.1992), and affirm.

### I.

Garcia, a corporal with the Silver City Police Department (the "Department"), was discharged from the Department on October 16, 1991 for allegedly having sex with seventeen-year-old Lacy Landrum

Dominguez while on duty. Garcia waived his right to a disciplinary pretermination hearing and sought to have the matter resolved through binding arbitration pursuant to an agreement between the City and the Fraternal Order of Police. A hearing before an arbitrator was held on December 5, 1991. The sole issue presented to the arbitrator for resolution was whether Garcia ever had sex with Dominguez while on duty as a patrolman for the Department.

During his testimony at the arbitration hearing, Garcia admitted to having an affair with Dominguez, but denied that he ever had sex with her while on duty. Dominguez testified that she and Garcia had engaged in sex on several specific occasions while he was on duty. Ron Hall, a captain with the Department, testified that the Department's daily report log indicated that Garcia had been on duty during one instance when Dominguez alleged that she and Garcia had engaged in sex. Following the hearing, the arbitrator concluded that the evidence and testimony failed to adequately demonstrate that Garcia had participated in sexual activity with Dominguez while on duty. The arbitration award required that Garcia "be reinstated to the rank of Corporal and made whole with full back pay, benefits and seniority to the date of termination."

The City appealed Garcia's arbitration award to the district court. The City sought to have the award vacated or modified pursuant to NMSA 1978, Sections 44–7–12 or –13 of the Uniform Arbitration Act, NMSA 1978, §§ 44–7–1 to –22 (the "Arbitration Act"). A hearing was held before the district court on September 17, 1992. After hearing the arguments of counsel, reviewing the court file, reading the transcript of the arbitration proceedings, and reviewing various exhibits, the district court issued a letter opinion refusing to vacate the arbitration award. On November 20, 1992, the district court entered judgment adopting the award as the judgment of the court. The City appeals the district court's judgment to this Court and requests that we either enter an order upholding Garcia's termination or vacate the arbitration award so that a new hearing can be held before a different arbitrator.

## II.

The sole issue that we address on appeal is whether the district court erred when it refused to vacate Garcia's arbitration award. The grounds for vacating an arbitration award are limited by statute. *See Spaw–Glass Constr. Servs., Inc. v. Vista De Santa Fe, Inc.,* 114 N.M. 557, 558–59, 844 P.2d 807, 808–09 (1992); *Melton v. Lyon,* 108 N.M. 420, 421, 773 P.2d 732, 733 (1989); *State ex rel. Hooten Constr. Co. v. Borsberry Constr. Co.,* 108 N.M. 192, 193, 769 P.2d 726, 727 (1989). Under Section 44–7–12(A), arbitration awards shall be vacated following proper application by a party when:

(1) the award was procured by corruption, fraud or other undue means;

(2) there was evident partiality by an arbitrator appointed as a neutral [arbitrator] or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;

(3) the arbitrators exceeded their powers;

(4) the arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of [Section 44–7–5], as to prejudice substantially the rights of a party; or

(5) there was no arbitration agreement and the issue was not adversely determined in proceedings under [Section 44–7–2] and the party did not participate in the arbitration hearing without raising the objection. The fact that relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.

It is not the role of the district court to review the case de novo. *Spaw–Glass Constr. Servs.,* 114 N.M. at 558, 844 P.2d at 808; *Melton,* 108 N.M. at 421, 773 P.2d

at 733; *Hooten Constr. Co.*, 108 N.M. at 193, 769 P.2d at 727. When reviewing an arbitration award, the district court should simply "conduct an evidentiary hearing and enter findings of fact and conclusions of law upon each issue raised in the application to vacate or modify the award." *Melton*, 108 N.M. at 421, 773 P.2d at 733.

We emphasize today that district court review of arbitration awards is strictly limited. In an opinion recently issued by this Court, *Fernandez v. Farmers Insurance Co. of Ariz.*, 115 N.M. 622, 625, 857 P.2d 22, 25 (1993) we held that an arbitration award is a final and conclusive resolution of the parties' dispute if it is fairly and honestly made and if it is within the scope of the questions submitted by the parties to the arbitrator for resolution. The Arbitration Act neither empowers the district court to review an arbitration award on the merits of the controversy, nor grants the district court the authority to review an award for errors of law or fact.[1] *Id.* at 626, 857 P.2d at 26. Thus, parties who agree to have their disputes resolved through arbitration cannot later relitigate the merits of the arbitrated issues in the district court. *Id.* at 627, 857 P.2d at 27. De novo review of the merits of arbitration awards by the district court would only serve to frustrate the purpose of arbitration, which seeks to further judicial economy by providing a quick, informal, and less costly alternative to judicial resolution of disputes. *See id.* at 625, 857 P.2d at 25.

Likewise, this Court exercises extreme caution when considering whether to vacate an arbitration award. *Spaw-Glass Constr. Servs.*, 114 N.M. at 558, 844 P.2d at 808. When reviewing whether the district court correctly confirmed an arbitration award, we determine whether substantial evidence in the record supports the district court's findings of fact, *Melton*, 108 N.M. at 421–22, 773 P.2d at 733–34, and whether the court correctly applied the law to the facts when making its conclusions of

law, *see Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 111 N.M. 6, 8, 800 P.2d 1063, 1065 (1990). Substantial evidence is relevant evidence that a reasonable mind might accept as sufficient to support a conclusion. *Hooten Constr. Co.*, 108 N.M. at 193, 769 P.2d at 727. When determining whether a finding of fact is supported by substantial evidence, we review the evidence in the light most favorable to uphold the finding and indulge all reasonable inferences in support of the district court's decision. *Melton*, 108 N.M. at 422, 773 P.2d at 734; *Hooten Constr. Co.*, 108 N.M. at 193, 769 P.2d at 727.

## A.

The City raises several arguments that it maintains require vacating Garcia's arbitration award. The City first argues that the arbitrator exceeded his power under Section 44–7–12(A)(3), by using the wrong standard of proof when deciding that the City had failed to prove whether Garcia had sex with Dominguez while on duty.

We do not agree that an arbitrator exceeds his power within the meaning of Section 44–7–12(A)(3) by mistakenly applying the incorrect standard of proof. "Arbitrators exceed their powers when they attempt to resolve an issue that is not arbitrable because it is outside the scope of the arbitration agreement." *Batten v. Howell*, 300 S.C. 545, 389 S.E.2d 170, 172 (Ct.App.1990). Legal and factual mistakes, such as applying the wrong standard of proof, do not comprise an abuse of power under Section 44–7–12(A)(3). *Cf. Batten*, 389 S.E.2d at 172 (concluding that the arbitrators' factual and legal errors do not constitute an abuse of power under a provision of the South Carolina Arbitration Act that provides for vacation of an arbitration award when arbitrators exceed their powers). Thus, contrary to the City's argument, Section 44–7–12(A)(3) does not provide a basis for vacating Garcia's arbitration award.

---

1. As we noted in *Fernandez*, mistakes of law or fact may in certain cases be egregious enough to imply misconduct, fraud, or lack of fair and impartial judgment, and may thus constitute the grounds for vacating an award under Section 44–7–12(A). 115 N.M. at 626, 857 P.2d at 26.

The City raises a related argument that the district court erred when it reviewed whether the arbitrator applied the wrong standard of proof because the court failed to give proper weight to testimony from Dominguez and Hall that purportedly corroborated Dominguez's testimony that she had sex with Garcia on two specific occasions while he was on duty. The City contends that Garcia's award must now be vacated because the district court failed to consider this corroborative evidence. We cannot agree.

By asserting that the district court erred in failing to give the proper weight to certain testimonial evidence when reviewing Garcia's arbitration award, the City in essence suggests that it is appropriate for the district court to conduct a de novo review of the merits of the issues decided by the arbitrator. As we emphasized previously in this opinion and in *Fernandez*, the grounds for reviewing an arbitration award are strictly limited by Section 44–7–12(A). *See Fernandez*, 115 N.M. at 625, 857 P.2d at 25. Consequently, a district court has no authority to review the merits of the issues arbitrated. *See id.* at 625, 857 P.2d at 25. The City's argument that Garcia's award must be vacated because the district court failed to consider certain corroborative evidence is without merit.[2]

### B.

During the arbitration hearing, the arbitrator refused to admit certain evidence that Garcia had sex with other people besides Dominguez while on duty. The City contends that exclusion of this evidence constitutes grounds for vacating the award under Section 44–7–12(A)(4) because the arbitrator caused substantial prejudice to the

City by refusing to hear evidence material to the parties' controversy. Thus, the City asserts that the district court erred when it upheld the arbitrator's ruling to exclude the evidence and argues that Garcia's award must now be vacated by this Court. We disagree.

As the language of Section 44–7–12(A)(4) clearly states, evidence excluded by an arbitrator must have been material to the controversy to provide the statutory grounds for vacating an arbitration award. Section 44–7–12(A)(4); *cf. Wayne Insulation Co. v. Hex Corp.*, 534 A.2d 1279, 1280 (D.C.1987) (holding, under a statute containing the same substantive language as Section 44–7–12(A)(4), that the exclusion of evidence provided the grounds for vacating an arbitration award only if the evidence excluded was material). "Material" evidence is evidence that relates to the matter in dispute or has a reasonable bearing on the issue to be decided in a given case. *See* 31A C.J.S. *Evidence* § 159, at 434–35 (1964). In the instant case, the stipulated issue to be decided by the arbitrator was whether Garcia had sex with Dominguez while on duty. Evidence that Garcia had sex with women other than Dominguez while on duty is not material to the specific issue presented to the arbitrator for decision and thus does not provide a basis for vacating the arbitration award under Section 44–7–12(A)(4). In addition, the arbitrator's exclusion of immaterial evidence did not deprive the City of an otherwise fair hearing. *See L.R. Foy Constr. Co. v. Spearfish Sch. Dist.*, 341 N.W.2d 383, 385–86 (S.D.1983) ("Courts which have examined the issue of exclusion of evidence at arbitration hearings have stated that the primary concern of the courts should be

2. In the instant case, our review of the district court's letter opinion discloses that the court actually gave a great deal of consideration to the aforementioned corroborative evidence when deciding whether to vacate Garcia's arbitration award. The district court found that the corroborating evidence showed that Garcia and Dominguez were likely to have been together on the two occasions in question, but did not prove that Garcia and Dominguez had engaged in sex on either occasion. The district court then concluded that even if the arbitrator had applied the wrong standard of proof, the City still failed

to meet its burden of proving that Garcia had sex with Dominguez while on duty. Because a trial court lacks the power to review the merits of an arbitration award, the district court erred by weighing the evidence and ruling on the merits of the issues presented to the arbitrator. We consider this error harmless because the district court correctly refused to vacate the arbitration award. *See Jaramillo v. Jaramillo*, 113 N.M. 57, 62, 823 P.2d 299, 304 (1991) (noting that appellate courts will affirm a district court's decision when the district court reaches the correct result for the wrong reason).

whether the parties received a full and fair hearing."); *Pinnacle Group, Inc. v. Shrader*, 105 N.C.App. 168, 412 S.E.2d 117, 120 (1992) (stating that the party moving for vacation of an arbitration award based upon the improper exclusion of evidence "must show that the arbitrators' failure to receive evidence rose to the level of misconduct and thus deprived [the party] of a fair hearing"). We hold that the district court did not err by affirming the arbitrator's decision to exclude evidence that Garcia engaged in sex with persons other than Dominguez while on duty.

### C.

■ The City also asserts that the district court erred by refusing to vacate Garcia's arbitration award because the arbitrator's conclusion that Dominguez's mother filed a complaint against Garcia conflicted with an earlier finding that both Dominguez and her mother brought the complaint. No provision of Section 44–7–12(A) provides for the vacation of an arbitration award because of an admittedly minor inconsistency between the arbitrator's findings and conclusions. Thus, we find meritless the City's argument that this minor error mandates vacation of Garcia's arbitration award.

### D.

■ Finally, the City asserts that the district court erred by not finding that the arbitrator demonstrated partiality toward Garcia and by deciding not to vacate the award pursuant to Section 44–7–12(A)(2). To vacate an arbitration award under Section 44–7–12(A)(2), evidence of arbitrator partiality " 'must be direct, definite and capable of demonstration rather than remote, uncertain, or speculative.' " *Melton*, 108 N.M. at 422, 773 P.2d at 734 (quoting *Ormsbee Dev. Co. v. Grace*, 668 F.2d 1140, 1147 (10th Cir.), *cert. denied, Grace v. Santa Fe Pac. R.R.*, 459 U.S. 838, 103 S.Ct. 84, 74 L.Ed.2d 79 (1982)). The party seeking to vacate the award bears the burden of proving partiality. *Dean Witter Reynolds, Inc. v. Deislinger*, 289 Ark. 248, 711 S.W.2d 771, 772 (1986) (citing

Annotation, *Setting Aside Arbitration Award on the Ground of Interest or Bias of Arbitrators*, 56 A.L.R.3d 697, 726 (1974)).

■ In this case, the City points to several factors in an attempt to prove that the arbitrator was partial in favor of Garcia. The City claims that the arbitrator "refused to fairly consider the evidence" and "refused to properly evaluate corroborative evidence." However, our Court, like the district court, will not independently review the degree of consideration that the arbitrator gave to the evidence. *See Belen v. Allstate Ins. Co.*, 173 Mich.App. 641, 434 N.W.2d 203, 205 (1988) (holding that the degree of consideration that arbitrators give to the evidence is not a matter for appellate review). Clearly, partiality cannot be imputed from the methods by which an arbitrator considers and evaluates evidence.

■ The City also argues that the arbitrator improperly "refused to consider Garcia's pattern of lying." In essence, the City's argument amounts to an attempt to allege that the arbitrator was partial in favor of Garcia by refusing to admit evidence that Garcia had sex with other persons besides Dominguez while on duty. As a general rule, partiality cannot be inferred from adverse evidentiary rulings or from the enforcement of procedural rules. *State v. Hernandez*, 115 N.M. 6, 20, 846 P.2d 312, 326 (1993). We hold that the City's allegations of arbitrator partiality are, at best, speculative, indefinite, and uncertain. Because the City has failed to meet its burden of proving partiality, the district court correctly decided not to vacate Garcia's arbitration award under Section 44–7–12(A)(2). The judgment of the district court is AFFIRMED.

**IT IS SO ORDERED.**

MONTGOMERY and FROST, JJ., concur.