This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40619

**KERRY KRUSKAL,**

　　　Plaintiff-Appellant,

v.

**LINCOLN QUINTANA,**

　　　Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Emilio J. Chavez, District Court Judge**

Kerry Kruskal
Arroyo Seco, NM

Pro Se Appellant

Gordon & Rees, L.L.P.
Kenneth J. Ferguson
Austin, TX

for Appellee

## MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Plaintiff, a self-represented litigant, appeals from the district court's order denying Plaintiff's motion to vacate an arbitration award. We issued a calendar notice proposing to affirm. Plaintiff has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** In the memorandum in opposition, Plaintiff continues to challenge the merits of the arbitrator's decision, asserting that the arbitrator reached the wrong conclusion. [MIO 5] Plaintiff has included attachments—an affidavit and exhibits—with his

memorandum in opposition, but "[m]atters outside the record present no issue for review." *State v. Harrison*, 2010-NMSC-038, ¶ 10, 148 N.M. 500, 238 P.3d 869 (internal quotation marks and citation omitted); *Kepler v. Slade*, 1995-NMSC-035, ¶ 13, 119 N.M. 802, 896 P.2d 482 (same).

**{3}** Although Plaintiff claims that NMSA 1978, Section 44-7A-24 (2001), provides multiple bases for reversal, at least two of Plaintiff's arguments seek to challenge the arbitrator's decision on the merits and therefore fall outside our scope of review on appeal. As explained in our proposed summary disposition, neither this Court nor the district court, will "independently review the degree of consideration that the arbitrator gave to the evidence." *In re Arbitration Between Town of Silver City & Silver City Police Officers Ass'n*, 1993-NMSC-037, ¶ 17, 115 N.M. 628, 857 P.2d 28. First, Plaintiff asserts that, in making findings of fact and identifying undisputed material facts, the arbitrator displayed evident partiality, exceeded the arbitrator's powers, and refused to consider evidence. [MIO 4-5, 7-8] Insofar as Plaintiff's argument challenges the merits, there is no ground for reversal. [CN 3] *See Rogers v. Red Boots Invs., L.P.*, 2020-NMCA-028, ¶ 25, 464 P.3d 1064 ("In the absence of a statutory basis to vacate an arbitration award, the district court must enter an order confirming the award." (internal quotation marks and citation omitted)). To the extent Plaintiff argues the arbitrator exceeded his authority by deciding a claim or issue summarily [MIO 3], such an argument is unpersuasive, as the authority to make such determinations is specifically provided by statute. *See* NMSA 1978, § 44-7A-16(b) (2001) (providing that an arbitrator may decide a request for summary disposition of a claim or particular issue "upon request of one party to the arbitration proceeding, if that party gives notice to all other parties to the proceeding and the other parties have a reasonable opportunity to respond").

**{4}** Next, Plaintiff argues that the arbitrator "lacked neutrality," displayed evident partiality, exceeded the arbitrator's powers, and refused to consider evidence. [MIO 4-5, 7, 8, 13] However, Plaintiff continues to point to the arbitrator's decisions, made in Defendant's rather than Plaintiff's favor, as evidence of partiality. [CN 5] *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. "[P]artiality cannot be inferred from adverse evidentiary rulings or from the enforcement of procedural rules." *In re Arbitration Between Town of Silver City and Silver City Police Officers Ass'n*, 1993-NMSC-037, ¶ 18, 115 N.M. 628, 857 P.2d 28; *see also id.* ¶¶ 16, 18 ("[E]vidence of arbitrator partiality must be direct, definite and capable of demonstration rather than remote, uncertain, or speculative." (internal quotation marks and citation omitted)). As a result, Plaintiff has failed to identify any direct or definite evidence to demonstrate the arbitrator's partiality in this case.

**{5}** Plaintiff also continues to argue that the arbitrator's procedural decisions, particularly those related to the consideration of evidence, responsive briefing, and application of New Mexico law, demonstrate evident partiality, misconduct, or exceed the arbitrator's powers. [MIO 7] Plaintiff has not identified any authority to suggest the arbitrator acted improperly by controlling the manner in which the case progressed. *See*

*In re Arbitration Between Town of Silver City & Silver City Police Officers Assoc.*, 1993-NMSC-037, ¶ 18 (stating rule that partiality cannot be inferred from the enforcement of procedural rules); *Lyndoe v. D.R. Horton, Inc.*, 2012-NMCA-103, ¶ 28, 287 P.3d 357 (rejecting the argument that arbitrator erred in exercising "control over the procedural aspects" of an arbitration and concluding that "the arbitrator can reasonably orchestrate the arbitration to streamline the process, avoid duplication of effort, and resolve the individual claims in a consistent manner"); *see also* § 44-7A-16(a) (acknowledging that "[t]he authority conferred upon the arbitrator includes the power to . . . determine the admissibility, relevance, materiality and weight of any evidence"); *Dollens v. Wells Fargo Bank, N.A.*, 2015-NMCA-096, ¶ 23, 356 P.3d 531 (acknowledging that granting leave to file a surreply is a matter of discretion).

**{6}** Additionally, Plaintiff continues to argue that the arbitrator improperly refused to postpone the hearing. [MIO 14] Plaintiff has failed to address the deficiencies identified in our proposed disposition, however, by identifying the facts in the record showing sufficient cause for postponement or stating specific prejudice suffered as a result of the arbitrator's decision to deny Plaintiff's request for stay. [CN 8] As a result, Plaintiff has failed to demonstrate good cause for the requested continuance, and has not demonstrated reversible error. *See State ex rel. Hooten Const. Co., Inc. v. Borsberry Const. Co.*, 1989-NMSC-007, ¶ 18, 108 N.M. 192, 769 P.2d 726 (concluding that party failed to submit evidence to the arbitrator demonstrating good cause for requested continuance). Integral to Plaintiff's argument regarding postponement is an assertion that the arbitrator improperly limited the scope of discovery and abused its discretion by denying Plaintiff's requests for thirty-party subpoenas. [MIO 14] As we noted in our proposed summary disposition, with regard to the subpoenas, Plaintiff has failed to identify what documents he sought but was denied, how they were relevant to the matters being considered in arbitration, or demonstrate that his requests were timely. [CN 6-7] As to the scope of discovery, Plaintiff has not identified any authority to support his argument that it was improper for the arbitrator to identify the issues subject to arbitration and determine the relevance of matters sought in discovery. *See* NMSA 1978, § 44-7A-18(c) (2001) ("An arbitrator may permit such discovery as the arbitrator decides is appropriate in the circumstances."); *Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists.").

**{7}** Finally, regarding Plaintiff's assertion that the arbitrator "exceeded his powers" by giving two different, opposing rulings [MIO 17], Plaintiff has failed to identify any authority to support his assertion in this regard. In fact, even assuming the arbitrator's rulings were in opposition, Plaintiff concedes that "the federal and the New Mexico state law do not specifically prohibit an arbitrator from [i]ssuing two different and opposite awards in the same case." [MIO 19] As such, Plaintiff has not demonstrated reversible error as to this issue.

**{8}** Ultimately, Plaintiff's memorandum in opposition does not demonstrate any real comprehension of our reasons for proposing affirmance and does not meaningfully challenge those grounds. To prevail on the summary calendar, a memorandum in

opposition must correct any deficiencies in the docketing statement and establish errors of law and fact in the district court's ruling and in our proposed analysis; repeating earlier arguments does not fulfill an appellant's obligation. *See Mondragon*, 1988-NMCA-027, ¶ 10.

**{9}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{10} IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**KATHERINE A. WRAY, Judge**