This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

No. A-1-CA-38919

**MAUREEN PONCE SINGLETON
REVOCABLE TRUST,**

      Plaintiff-Appellee,

v.

**DAN BROWN; TIERRA SANTA, LLC; and
TUSCAN VALLEY PROPERTIES, INC.,**

      Defendants-Appellants,

and

**VERDE RAILROAD LAND, LLC; NEW
MEXICO TAXATION & REVENUE
DEPARTMENT; and TREASURER OF
DOÑA ANA COUNTY, NEW MEXICO,**

      Defendants.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY
Marci E. Beyer, District Court Judge**

Madrid Law Firm, PLLC
Hugo Madrid
El Paso, TX

Firth, Bunn, Kerr & Neill
Edward DeV. Bunn, Jr.
El Paso, TX

for Appellee

Law Office of Kelly P. Albers, P.C.
Kelly P. Albers

Las Cruces, NM

for Appellants

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}**     This appeal arises from the district court's denial of Defendants' motion to vacate an arbitration award in favor of Plaintiff. Perceiving no error, we affirm.

**DISCUSSION**

**{2}**     Defendants raise six issues on appeal. Five of these issues involve claims that the district court erred in declining to vacate the arbitration award based on allegations that the arbitrator acted with partiality and/or exceeded his authority. *See* NMSA 1978, § 44-7A-24(a)(2)(A), (a)(4) (2001) (stating that the court shall vacate an arbitration award if there was evident partiality by an arbitrator or the arbitrator exceeded his powers). Specifically, Defendants argue the arbitrator (1) did not properly consider whether Defendants reasonably withheld consent to the terms of post-mediation settlement documents; (2) impermissibly arbitrated without holding a hearing; (3) violated the confidentiality requirements of the Mediation Procedures Act, NMSA 1978, §§ 44-7B-1 to -6 (2007), by relying on records and communications presented during the mediation process; (4) ignored Defendants' arguments about why the confession of judgment would not render their debt non-dischargeable in bankruptcy; and (5) improperly awarded attorney fees. Defendants also argue that the district court erred when it declined Defendants' request for an evidentiary hearing during a period of limited remand from this Court. We address each issue in turn.

## I.     The District Court Did Not Err in Enforcing the Arbitration Award

**{3}**     Defendants' first five appellate issues all center on the same general claim of error—whether the district court should have vacated the arbitration award. We begin with, and emphasize, the standard governing our review as it is ultimately dispositive of several of the grounds Defendants raise on appeal.

**{4}**     Under the New Mexico Uniform Arbitration Act, "there are strict limitations on judicial review of arbitration awards." *Rogers v. Red Boots Invs., L.P.*, 2020-NMCA-028, ¶ 25, 464 P.3d 1064 (internal quotation marks and citation omitted). "In the absence of a statutory basis to vacate an arbitration award, the district court must enter an order confirming the award." *Id.* (internal quotation marks and citation omitted). Importantly, the Uniform Arbitration Act "neither empowers the district court to review an arbitration award on the merits of the controversy, nor grants the district court the authority to review an award for errors of law or fact." *Id.* ¶ 36 (internal quotation marks and citation omitted).

**{5}** In light of this standard, we must reject Defendants' arguments that (1) the arbitrator applied an incorrect legal standard when he purportedly failed to consider whether Defendants had a reasonable basis for withholding consent to Plaintiff's proposed documents, and (2) the settlement documents are not in keeping with the mediation settlement agreement and are insufficient to render the debt non-dischargeable in bankruptcy. Like the district court, we cannot reach the merits of these allegations. *See Fernandez v. Farmers Ins. Co. of Ariz.*, 1993-NMSC-035, ¶ 9, 115 N.M. 622, 857 P.2d 22 ("The Arbitration Act clearly does not provide for review of arbitration awards on the merits of the controversy, particularly in light of its provision that the fact that the relief was such that it could not or would not be granted by a court of law or equity is not a ground for vacating or refusing to confirm the award." (alteration, internal quotation marks, and citation omitted)).

**{6}** Defendants' remaining arguments invoke two statutory bases for vacatur: partiality, contrary to Section 44-7A-24(a)(2)(A), and that the arbitrator exceeded his powers, contrary to Section 44-7A-24(a)(4). We review the district court's rulings on Defendants' motions for abuse of discretion. *See Rogers*, 2020-NMCA-028, ¶ 26. "In reviewing the determination of a lower court affirming an arbitration award, this Court is restricted to evaluating whether substantial evidence in the record supports the district court's findings of fact and application of law, taking all evidence in the light most favorable to upholding the arbitration award." *Medina v. Found. Rsrv. Ins. Co.*, 1997-NMSC-027, ¶ 12, 123 N.M. 380, 940 P.2d 1175.

**{7}** Turning first to Defendants' arguments regarding the arbitrator's partiality, Defendants were required to "prove the existence of evident partiality by clear and convincing evidence, which is evidence that instantly tilts the scales in the affirmative when weighed against the evidence in opposition and the fact-finder's mind is left with an abiding conviction that the evidence is true." *Rogers*, 2020-NMCA-028, ¶ 32 (alteration, internal quotation marks, and citations omitted). Such evidence consists of "facts that *objectively* demonstrate such a degree of partiality that a reasonable person could assume that the arbitrator had improper motives." *Id.* ¶ 32 (alteration, internal quotation marks, and citation omitted). "This reasonable person standard . . . requires a showing of something more than the appearance of bias, but not the insurmountable standard of proof of actual bias." *Id.* (alteration, internal quotation marks, and citation omitted).

**{8}** Here, Defendants argue that the arbitrator exhibited evident partiality by (1) failing to consider whether Defendants were justified in refusing to execute the settlement documents, (2) issuing the award without conducting a hearing, (3) referring to Plaintiff's civil complaint and Defendants' counterclaims in the award because these documents were apparently produced during the mediation rather than the arbitration briefing, (4) overlooking or failing to credit Defendants' legal arguments as to whether the settlement documents actually rendered the debt non-dischargeable, and (5) awarding Plaintiff attorney fees. In each instance, Defendants summarily conclude that the arbitrator's actions constitute evident partiality. Apart from that, Defendants have not explained how the facts of record prove the existence of partiality by clear and

convincing evidence, nor have Defendants addressed why, in their view, the district court's conclusions relating to partiality were not supported by substantial evidence in the record. *See Medina*, 1997-NMSC-027, ¶ 12; *see also Town of Silver City v. Garcia*, 1993-NMSC-037, ¶ 17, 115 N.M. 628, 857 P.2d 28 ("Clearly, partiality cannot be imputed from the methods by which an arbitrator considers and evaluates evidence."). As Defendants correctly note, "evidence of arbitrator partiality must be direct, definite and capable of demonstration rather than remote, uncertain, or speculative." *Rogers*, 2020-NMCA-028, ¶ 29 (alteration, internal quotation marks, and citation omitted). Defendants' conclusory statements are insufficient to meet their burden of proving partiality or to demonstrate error on the part of the district court.

{9}    Defendants also argue that some of the same conduct shows the arbitrator exceeded his authority, in particular by (1) conducting the arbitration on the parties' written submissions without a hearing, (2) relying on pleadings produced during the mediation, and (3) awarding Plaintiff $10,000 in attorney fees. On the first issue, the arbitrator was authorized under NMSA 1978, Section 44-7A-16(a) (2001) to "conduct [the] arbitration in such a manner as the arbitrator considers appropriate for a fair and expeditious disposition of the proceeding." Under the circumstances here, where the arbitrator previously served as the mediator and was asked to resolve a dispute concerning language to memorialize the parties' settlement, Defendants have not shown that the arbitration procedure was in excess of the discretionary authority conferred by Section 44-7A-16(a).

{10}    On the second issue, Defendants claim the arbitrator violated the Mediation Procedures Act by referring to the parties' pleadings in the arbitration award. *See* § 44-7B-4 ("Except as otherwise provided in the Mediation Procedures Act . . . or by applicable judicial court rules, all mediation communications are confidential, and not subject to disclosure and shall not be used as evidence in any proceeding."). According to Defendants, "[s]ince these . . . documents were not supplied in the arbitration, the arbitrator's access to them could only have come from the mediation proceedings." Even if that were the case, we fail to see how the arbitrator's use of publicly available documents was in excess of his authority, much less a violation of Section 44-7B-4, particularly under the circumstances here.

{11}    Finally, Defendants claim that the arbitrator exceeded his powers by improperly awarding unreasonable attorney fees to Plaintiff. Plaintiff points out that NMSA 1978, Section 44-7A-22(c) (2001) allows the arbitrator to "order such remedies as the arbitrator considers just and appropriate under the circumstances," and goes on to state, "The fact that such a remedy could not or would not be granted by the court is not a ground for refusing to confirm an award . . . or for vacating an award." Plaintiff argues that the arbitrator's actions were authorized under this provision. Defendants' reply brief contains no response to this argument. We view Defendants' silence as a concession on the matter. *See Delta Automatic Sys., Inc. v. Bingham*, 1999-NMCA-029, ¶ 31, 126 N.M. 717, 974 P.2d 1174 (holding that a party's failure to respond to an argument raised in the answer brief may constitute a concession on the matter).

**{12}** In sum, none of Defendants' arguments have persuaded us that the arbitrator acted with partiality or exceeded his authority to warrant vacatur of the arbitration award. We affirm the district court's orders denying Defendants' requests to vacate the arbitration award.

## II. The District Court Did Not Err in Refusing to Hold an Evidentiary Hearing on Limited Remand

**{13}** Defendants argue that the district court erred by failing to hold an evidentiary hearing on their motion to vacate the arbitration award after this Court filed its notice of limited remand. *See Medina*, 1997-NMSC-027, ¶ 12 ("In evaluating the propriety of an arbitration award, the reviewing court will conduct an evidentiary hearing and enter findings of fact and conclusions of law upon any issue presented in the motion to vacate the award."); *Eagle Laundry v. Fireman's Fund Ins. Co.*, 2002-NMCA-056, ¶ 22, 132 N.M. 276, 46 P.3d 1276 ("[I]t is the function of the court to conduct an evidentiary hearing and enter findings of fact and conclusions of law upon each issue raised in the application to vacate or modify the award." (internal quotation marks and citation omitted)).

**{14}** Upon limited remand, Defendants filed a motion requesting either an evidentiary hearing or, in the alternative, time to prepare proposed findings of fact and conclusions of law in the event the district court denied the motion for a hearing. As both the district court and Plaintiff note, Defendants had two prior opportunities to present evidence to the district court—during the hearing on the motion to vacate the arbitration award and during the hearing on the motion to reconsider. Defendants have not cited any authority indicating that the district court was required to hold another evidentiary hearing on limited remand. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists.").

**{15}** Further, Plaintiff stipulated to Defendants' alternative request for relief, allowing them five days to file proposed findings of fact and conclusions of law. Defendants failed to submit any findings or conclusions within the specified timeframe. Instead, after the district court denied the motion for an evidentiary hearing, Defendants filed a motion to reconsider, arguing that they had intended to submit proposed findings of facts and conclusions of law only *after* the district court denied their motion for an evidentiary hearing. The district court allowed Defendants an opportunity to submit their proposed findings and conclusions. After reviewing Defendants' submission, the district court declined to change its order affirming the arbitration award. Defendants have not explained why the award of the alternative relief they requested amounted to error. We decline to review undeveloped arguments. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We will not review unclear arguments, or guess at what [a party's] arguments might be.").

## CONCLUSION

**{16}** For the foregoing reasons, we affirm the district court's denial of Defendants' motion to vacate the arbitration award.

**{17}   IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**KATHERINE A. WRAY, Judge**