**In re CRES RIVERA CONCRETE COMPANY, Debtor.**

**CRES RIVERA CONCRETE COMPANY, Plaintiff,**

v.

**BILL STUCKMAN CONSTRUCTION COMPANY, INC., and Bill Stuckman, Defendants.**

Bankruptcy No. 81–00514 M A.
Adv. No. 82–0155.

United States Bankruptcy Court,
D. New Mexico.

June 11, 1982.

Charles R. Finley, Albuquerque, N. M., for plaintiff.

Douglas Seegmiller, Barbara L. Shapiro, Albuquerque, N. M., for defendants.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court on defendants' motion to compel arbitration, to stay the adversary proceeding, and to dismiss the adversary proceeding. The facts in this case are as follows: Plaintiff entered into a contract with defendants in connection with a contract between defendants and the City of Albuquerque, New Mexico. Plaintiff now alleges that it has completed its performance under the contract with defendants and that it is entitled to payment from defendants for the value of the services performed. Plaintiff filed a chapter 11 petition (and thereafter converted to chapter 7) with the Bankruptcy Court, and thereafter filed an adversary proceeding in this Court to compel payment by defendants. Defendants allege that if plaintiff has a claim, it must be decided by arbitration and, more specifically, under the Construction Industry Rules of the American Arbitration Association. Plaintiff contends that the Bankruptcy Court is the proper forum to resolve the dispute, but that if arbitration is required, it should be pursuant to the Uniform Arbitration Act, N.M. Stat.Ann. § 44–7–1, et seq. After hearing the parties' arguments on this matter, each party was ordered to submit a list of acceptable arbitrators to the Court so that should the Court find arbitration appropriate, and should the parties fail to reach agreement as to the appointment of an arbitrator or arbitrators, the Court could choose an arbitrator.

■ This Court must first determine if arbitration is required and if so, under what rules. Section 44–7–1 of the Uniform Arbitration Act states:

A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit

to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract....

N.M.Stat.Ann. § 44–7–1 (1978).

Section 44–7–2 of that act states:

An order for arbitration shall not be refused on the ground that the claim in issue lacks merit or bona fides or because any fault or grounds for the claim sought to be arbitrated have not been shown.

N.M.Stat.Ann. § 44–7–2(E).

The New Mexico Supreme Court has interpreted these provisions as requiring that, absent some language in an arbitration agreement which limits areas or matters to be arbitrated, the court decide only whether or not there is an agreement to arbitrate. If the court finds an agreement, it should order arbitration. *K. L. House Construction Co. v. City of Albuquerque*, 91 N.M. 492, 576 P.2d 752 (1978). In the instant case, this Court must make the question somewhat more specific and determine whether an agreement to arbitrate under particular rules exists.

Both parties agree that Section 6, Paragraph 3 of the subcontract between defendants and plaintiff incorporates by reference the general contract between defendants and the City insofar as those provisions do not conflict with the subcontract. The parties also agree that Paragraph 30 of the General Contract provides for arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association (AAA). The parties are at issue over the effect of Section 6, Paragraph 29 of the subcontract, which states that any controversy between the parties shall be decided by arbitration at the end of the work. Defendants contend that these arbitration clauses are compatible and require arbitration pursuant to the AAA. Plaintiff argues that the clauses conflict and that since the General Contract does not apply, arbitration pursuant to the Uniform Arbitration Act as adopted in New Mexico is the appropriate procedure.

This Court finds that there is no conflict in these sections only insofar as it is clear that both parties agreed and intended that some form of arbitration would be resorted to in order to resolve any differences between the parties. Accordingly, pursuant to *House, supra*, the Court should order arbitration. As to the more specific question of the body before which the arbitration should be brought, the subcontract and General Contract combine to be at least ambiguous, if not in conflict. It is well settled that where uncertainties or ambiguities exist in contracts, they must be construed against the party which drafted the contract, in this case, defendants. *Spinoso v. Rio Rancho Estates, Inc.*, 96 N.M. 5, 626 P.2d 1307 (Ct.App.1981); *Shaeffer v. Kelton*, 95 N.M. 182, 619 P.2d 1226 (1980); *Mobile Investors v. Spratte*, 93 N.M. 752, 605 P.2d 1151 (1980); *Schultz and Lindsay Construction Co. v. State*, 83 N.M. 534, 494 P.2d 612 (1972); *Boswell v. Chapel*, 298 F.2d 502 (10th Cir. 1961). Accordingly, this Court finds that the arbitration agreement does not require arbitration before any specific body, and that the parties should proceed with arbitration pursuant to the Uniform Arbitration Act.

Since the Act itself states that an order for arbitration shall not be refused on the grounds that grounds for the claim sought to be arbitrated have not been shown, and since *House, supra*, directs that only the "threshold question" of whether there is an agreement to arbitrate should be decided, this Court need not consider defendants' motion to dismiss.

As to the appointment of arbitrators, the Uniform Arbitration Act provides that if there is no agreement for a method to appoint arbitrators, or if the agreed method fails, the court shall, upon application of a party, appoint one or more arbitrators. N.M.Stat.Ann. § 44–7–3. It has been represented to this Court that the parties have been unable to agree upon the number of arbitrators to be appointed. This Court finds that the interests of justice in this case, particularly since the plaintiff is before this Court in a bankruptcy proceeding,

require that this arbitration proceed in the most cost-efficient manner practicable. It follows that this arbitration should proceed with the appointment of one arbitrator, and this Court will so order.

An appropriate order shall enter.

### ORDER

This matter came before the Court on defendants' motion to compel arbitration, for a stay of proceedings, and motion to dismiss. The Court, being fully informed and advised in the matter, ORDERS:

1. There shall be arbitration of the dispute between the parties pursuant to the Uniform Arbitration Act, N.M.Stat.Ann. § 44–7–1, *et seq.* (1978).

2. Debtor shall commence arbitration in accordance with that statute not later than 30 days from the date of entry of this order.

3. The adversary proceeding in which these motions were made shall be stayed pending the completion of the arbitration proceedings ordered herein.

4. Defendants' motion to dismiss is moot and is therefore denied.

5. One arbitrator shall be appointed to hear the dispute of these parties. If the parties have not agreed upon an arbitrator within ten days of the date of entry of this order, the parties shall appear before this Court on Wednesday, June 23, 1982, at 3:00 pm, in Room 11018, Federal Building and United States Courthouse, 500 Gold Avenue SW, Albuquerque, New Mexico. The parties shall each bring with them a list of three acceptable arbitrators and this Court will appoint an arbitrator at that time.