This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39617**

**ALLEN HURT, MD, individually;
BRIARWOOD CLINIC, LLC; and
AMERICAN MEDICAL GROUP, INC.,**

　　　Plaintiffs-Appellees,

v.

**JUSTIN WILLIAMS, individually;
PARAMOUNT FINANCIAL SERVICES,
LLC; and EAGLE STAR RANCH, LLC,**

　　　Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY
Mark Sanchez, District Court Judge**

Giddens & Gatton Law, P.C.
George Dave Giddens
Albuquerque, NM

Nickay Manning Law Firm, LLC
Nickay B. Manning
Corrales, NM

for Appellees

Holland & Hart LLP
Larry J. Montaño
Santa Fe, NM

Frazier & Ramirez Law
Sean S. Ramirez
Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}** Allen Hurt, MD., Briarwood Clinic, LLC, and American Medical Group, Inc. (collectively, Plaintiffs) sued Justin Williams and his company, Eagle Star Ranch, LLC (collectively, Defendants) based on false and misleading statements made by Defendants during the course of the parties' venture to provide medical laser treatment services at Briarwood Clinic.[1] The dispute went to arbitration, where Plaintiffs prevailed, and the district court denied Defendants' motion to vacate or modify the arbitration award. Defendants appeal the district order's denying their motion to vacate or modify the arbitration award. Defendants argue (1) the arbitrator decided issues outside the scope of the arbitration agreement, (2) the arbitrator impermissibly issued sanctions preventing Defendants from presenting evidence or cross-examining witnesses at the arbitration hearing, (3) the arbitrator exhibited partiality, and (4) the award was based on an erroneous assessment of damages. We affirm.

**{2}** Because this is a memorandum opinion and the parties are familiar with the facts and procedural background, we reserve discussion of the pertinent facts within the context of Defendants' arguments.

**DISCUSSION**

**I.      Standard of Review**

**{3}** Defendants argue the district court erred by refusing to vacate or modify the arbitration award. "We review the district court's decision to vacate or modify an arbitration award for substantial evidence." *Castillo v. Allstate Prop. & Cas. Ins. Co.*, 2023-NMCA-009, ¶ 9, 523 P.3d 643. "Substantial evidence is that evidence which is relevant and which a reasonable mind could accept as adequate to support a conclusion." *Id.* (internal quotation marks and citation omitted). "We view the evidence in the light most favorable to the prevailing party." *Eagle Laundry v. Fireman's Fund Ins. Co.*, 2002-NMCA-056, ¶ 14, 132 N.M. 276, 46 P.3d 1276. Moreover, "the district court does not have the authority to review arbitration awards for errors as to the law or the facts; if the award is fairly and honestly made and if it is within the scope of the submission, the award is a final and conclusive resolution of the parties' dispute." *Fernandez v. Farmers Ins. Co. of Ariz.*, 1993-NMSC-035, ¶ 9, 115 N.M. 622, 857 P.2d 22.

**{4}** The narrow scope of review of arbitration awards reflects the purposes of the Uniform Arbitration Act (UAA), NMSA 1978, §§ 44-7A-1 to -32 (2001), which "depend on finality in arbitration awards." *Shah v. Devasthali*, 2016-NMCA-053, ¶ 9, 371 P.3d 1080; *see Fernandez*, 1993-NMSC-035, ¶ 11 ("[E]xtended judicial review of arbitrators' decisions would defeat the goal of reducing the caseload of the courts."). Consequently,

---

1A third Defendant named in the lawsuit, Paramount Financial Services, LLC, settled with Plaintiffs and was dismissed from the action.

"[o]nce an arbitration award is entered, the finality that courts should afford the arbitration process weighs heavily in favor of the award." *State ex rel. Hooten Constr. Co. v. Borsberry Constr. Co.*, 1989-NMSC-007, ¶ 4, 108 N.M. 192, 769 P.2d 726; Thus, we "exercise extreme caution when considering whether to vacate an arbitration award." *In re Arb. Between Town of Silver City & Silver City Police Officers Ass'n* (*Silver City*), 1993-NMSC-037, ¶ 8, 115 N.M. 628, 857 P.2d 28.

**{5}**     Nevertheless, to the extent Defendants' appeal requires us to interpret Sections 44-7A-24 and 44-7A-25, which establish the statutory grounds for vacating or modifying an arbitration award, our review is de novo. *See Cates v. Mosher Enters., Inc.*, 2017-NMCA-063, ¶ 14, 403 P.3d 687 ("We review interpretation of statutory provisions de novo."); *Ponder v. State Farm Mut. Auto. Ins. Co.*, 2000-NMSC-033, ¶ 7, 129 N.M. 698, 12 P.3d 960 ("We review de novo the [district] court's application of the law to the facts in arriving at its legal conclusions."). We likewise "review the [district] court's interpretation of an arbitration agreement de novo." *Casias v. Dairyland Ins. Co.*, 1999-NMCA-046, ¶ 13, 126 N.M. 772, 975 P.2d 385.

**{6}**     Defendants contend the arbitration award should be vacated pursuant to Section 44-7A-24, or, alternatively, modified pursuant to Section 44-7A-25. We review these arguments in turn.

## II.     The District Court Did Not Err in Denying Defendants' Motion to Vacate the Award Pursuant to Section 44-7A-24

**{7}**     Defendants first argue that the district court erred in denying their motion to vacate the arbitration award pursuant to Section 44-7A-24(a)(2)-(5). Section 44-7A-24(a)(2)-(5) provides:

(a)     Upon motion to the court by a party to an arbitration proceeding, the court shall vacate an award made in the arbitration proceeding if[]

. . . .

(2)     there was:

(A)     evident partiality by an arbitrator appointed as a neutral arbitrator; or

(B)     corruption by an arbitrator;

. . . .

(3)     an arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused to consider evidence material to the controversy or otherwise conducted the hearing contrary to

Section [44-7A-16], so as to prejudice substantially the rights of a party to the arbitration proceeding;

        (4)     an arbitrator exceeded the arbitrator's powers; [or]

        (5)     there was no agreement to arbitrate.

We review Defendants' arguments under each of these statutory bases.

## A. The District Court Did Not Err in Denying Defendants' Motion to Vacate the Arbitration Award Pursuant to Section 44-7A-24(a)(4), (5)

**{8}** As a threshold matter, Defendants argue that the arbitration award should be vacated because the arbitrator decided issues that had not been agreed to, thereby violating Section 44-7A-24(a)(4), (5). We first address Defendants' arguments addressing Section 44-7A-24(a)(4), then turn to Section 44-7A-24(a)(5).

**{9}** As discussed, Section 44-7A-24(a)(4) provides, "[T]he court shall vacate an award made in the arbitration proceeding if . . . an arbitrator exceeded the arbitrator's powers." "Generally, the parties' agreement defines the scope of the arbitrator's powers." *K.R. Swerdfeger Constr. v. UNM Bd. of Regents*, 2006-NMCA-117, ¶ 15, 140 N.M. 374, 142 P.3d 962. Accordingly, "[a]rbitrators exceed their powers when they attempt to resolve an issue that is not arbitrable because it is outside the scope of the arbitration agreement." *Silver City*, 1993-NMSC-037, ¶ 10 (internal quotation marks and citation omitted).

**{10}** The arbitration provisions at issue are contained in the Joint Venture Agreement (JVA) signed by Allen Hurt, M.D. (Hurt) and Justin Williams (Williams). The JVA delineated the parties' respective responsibilities in financing and providing laser treatment services, and described how they were to share the profits from this venture. The arbitration provision provides, in relevant part: "The Joint Venturers agree that any dispute, claim, or controversy concerning th[e JVA] or the termination of th[e JVA], or any dispute, claim or controversy arising out of or relating to any interpretation, construction, performance or breach of th[e JVA], shall be settled by arbitration."

**{11}** Defendants contend the arbitrator decided claims outside the scope of this arbitration provision. We conclude that each claim decided by the arbitrator "concern[ed]" the JVA or "relat[ed] to . . . performance . . . of th[e JVA]," and therefore fell within the scope of the provision.

**{12}** The arbitrator's award addressed five claims, determining: (1) Defendants violated the Unfair Trade Practices Act (UPA) by "engag[ing] in a series of misleading statements;" (2) "Williams breached the express warranties he gave to Hurt in failing to provide high quality and functional equipment as he promised;" (3) "Williams made fraudulent misrepresentations to Hurt;" (4) "Williams breached his contract with Hurt in

failing to perform any of his obligations under the [JVA];" and (5) "Williams breached the implied covenant of good faith and fair dealing in his breaching the [JVA]."

**{13}** Defendants argue that "any claim based on the sale of laser equipment to . . . Hurt . . . would not arise out of the [JVA]." Although Defendants do not specify which claims they contend are "based on the sale of laser equipment," we understand Defendants to concede that the last two claims, which clearly "concern" and "relat[e] to . . . performance or breach of th[e JVA]," fell within the scope of the arbitration provision. We thus turn to the remaining claims decided by the arbitrator.

**{14}** In so deciding we may look to the conduct underlying these claims and compare this conduct to the subject matter of the JVA. *See Clay v. N.M. Title Loans, Inc.*, 2012-NMCA-102, ¶¶ 15, 25, 28, 288 P.3d 888 (examining the conduct underlying the claims in determining whether claims were arbitrable); *K. L. House Constr. Co. v. City of Albuquerque*, 1978-NMSC-025, ¶ 7, 91 N.M. 492, 576 P.2d 752 ("Once it appears that there is, or is not a reasonable relationship between the subject matter of the dispute and the general subject matter of the underlying contract, the court's inquiry is ended." (internal quotation marks and citation omitted)).

**{15}** The conduct underlying the UPA and fraudulent misrepresentation claims were Williams' false and misleading representations. Such representations included Williams' statements that he would bear costs of the venture until it became profitable and warranty and perform maintenance on all required laser equipment for five years. These representations "concern[]" or "relat[e] to . . . performance . . . of th[e JVA]," which specified that Williams would (1) assume "the final investment/costs required to fund operations for Briarwood . . . in the event that [it] fails to generate enough revenue to be profitable so that [it] may pay its overhead," and (2) "[w]arranty all devices and perform all required device maintenance and repair for [five] years." Accordingly, these claims fell within the scope of the arbitration provision.

**{16}** Regarding Plaintiffs' claim for breach of express warranty, the conduct underlying this claim was Williams' false and misleading representations concerning the quality and functionality of the lasers that he would secure for use in the venture, upon which Hurt relied in purchasing the laser equipment. These misleading statements "concern[]" or "relat[e] to . . . performance . . . of th[e JVA]," which is premised on profits arising from the provision of laser treatment services with functional laser equipment. Indeed, the JVA includes a profit-sharing provision and specifies that Williams must warranty all devices and perform all required device maintenance and repair for five years. This claim falls within the scope of the arbitration provision.

**{17}** Based on the foregoing, we conclude that the claims decided by the arbitrator fell within the scope of the arbitration clause. *See K.R. Swerdfeger Contstr.*, 2006-NMCA-117, ¶ 15. Accordingly, the arbitrator did not exceed his power, and the district court did not err in denying Defendants' motion to vacate the award pursuant to Section 44-7A-24(a)(4).

**{18}** Defendants also assert that the arbitrator's award violated Section 44-7A-24(a)(5), which provides in relevant part, "[T]he court shall vacate an award made in the arbitration proceeding if . . . there was no agreement to arbitrate." Defendants premise this contention on the same arguments discussed above—that the claims decided by the arbitrator fell outside the scope of the arbitration. Accordingly, we likewise reject it.

**B.    The District Court Did Not Err in Denying Defendants' Motion to Vacate the Arbitration Award Pursuant to Section 44-7A-24(a)(3)**

**{19}** Defendants next contend the district court erred in refusing to vacate the arbitration award pursuant to Section 44-7A-24(a)(3). Section 44-7A-24(a)(3) provides in relevant part:

> [T]he court shall vacate an award made in the arbitration proceeding if . . . an arbitrator . . . refused to consider evidence material to the controversy or otherwise conducted the hearing contrary to Section [44-7A-16], so as to prejudice substantially the rights of a party to the arbitration proceeding.

**{20}** Defendants do not argue that the arbitrator refused to consider specific evidence they sought to admit or discuss how the excluded evidence was "material." *See id.*; *cf. Silver City*, 1993-NMSC-037, ¶¶ 13-14 (reviewing whether the arbitrator refused to consider material evidence in refusing to admit specific evidence the plaintiff sought to admit, and analyzing whether the particular evidence excluded was material). Rather, Defendants argue the arbitrator violated Section 44-7A-24(a)(3) by entering sanctions that prohibited Defendants from presenting any evidence or cross-examining witnesses at the hearing, which Defendants contend amounted to entry of a "de facto default" and violated due process. In support of their argument, Defendants cite Section 44-7A-16(d), which provides that at an arbitration hearing, "a party to the arbitration proceeding has a right to be heard, to present evidence material to the controversy and to cross-examine witnesses appearing at the hearing." We therefore limit our analysis of Section 44-7A-24(a)(3) to whether, in issuing the challenged sanctions, the arbitrator "conducted the hearing contrary to Section [44-7A-]16[(d)]." Section 44-7A-24(a)(3).

**{21}** The narrow question before us, then, is whether the Legislature intended Section 44-7A-16(d), as incorporated into Section 44-7A-24(a)(3), to prohibit an arbitrator from barring a party to arbitration from presenting evidence and cross-examining witnesses under the circumstances of this case—as a sanction for "willful non-compliance" with an arbitrator's discovery order, "willfully uncooperative" behavior, and "repeated and egregious abuses of the [d]iscovery process." *See Lujan Grisham v. Romero*, 2021-NMSC-009, ¶ 23, 483 P.3d 545 ("In construing the language of a statute, our goal and guiding principle is to give effect to the intent of the Legislature."). In discerning the Legislature's intent, "[w]e consider all parts of the statute together, reading the statute in its entirety and construing each part in connection with every other part to produce a harmonious whole." *Dep't of Game & Fish v. Rawlings*, 2019-NMCA-018, ¶ 6, 436 P.3d 741 (alterations, internal quotation marks, and citation omitted). Because the challenged

sanctions arose from discovery violations, Section 44-7A-18(d) proves helpful in discerning the Legislature's intent.

**{22}** Section 44-7A-18(d) provides:

> If an arbitrator permits discovery . . . the arbitrator may order a party to the arbitration proceeding to comply with the arbitrator's discovery-related orders . . . *and take action against a noncomplying party to the extent a court could if the controversy were the subject of a civil action in this state*.

(Emphasis added.) Defendants do not dispute that the arbitrator permitted discovery, or had the authority to do so under the Rules of Commercial Arbitration of the American Arbitration Association (2013) (AAA Rules), which the parties agreed would govern the arbitration. Accordingly, the UAA indicates that the Legislature intended that the arbitrator had authority to order Defendants to comply with the arbitrator's discovery-related orders and take action against Defendants for their non-compliance "to the extent a court could if the controversy were the subject of a civil action in this state." Section 44-7A-18(d).[2]

**{23}** In state civil actions, in turn, the district court may enter a range of sanctions limiting a party's participation in the proceedings based on non-compliance with a discovery order. *See* Rule 1-037(B)(2) NMRA. These sanctions may include, in cases of willful non-compliance, "dismissing the action . . . or rendering a judgment by default against the disobedient party." Rule 1-037(B)(2)(c); *see Marchman v. NCNB Tex. Nat'l. Bank*, 1995-NMSC-041, ¶ 53, 120 N.M. 74, 898 P.2d 709 ("[T]he court must find that the disobedient party acted willfully or in bad faith in failing to comply with a discovery order before imposing the severe sanction of dismissal."). Here, even if we were to accept Defendants' contention that the arbitrator's sanctions amounted to entry of a "de facto default," the arbitrator found that Defendants acted willfully in failing to comply with his discovery order, had engaged in willfully uncooperative behavior and repeated and egregious abuses of the discovery process. Defendants, who do not address Section 44-7A-18(d), have not persuaded us that the Legislature intended Section 44-7A-16(d) to prohibit an arbitrator from entering the sanctions at issue here under the circumstances of this case. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 ("The presumption upon review favors the correctness of the [district] court's actions. The [a]ppellant must affirmatively demonstrate its assertion of error.").

**{24}** Defendants nevertheless argue that the arbitrator did not find willful non-compliance "by [Defendants], individually" because the misconduct which gave rise to

---

[2]Although the UAA empowers the parties to waive or vary the arbitrator's authority under Section 44-7A-18(d), *see* § 44-7A-4(b), (c), Defendants do not address Section 44-7A-18(d), much less argue that JVA's arbitration provision waived or varied the effect of this provision. *See* § 44-7A-3 ("The [UAA] governs an agreement to arbitrate made on or after the effective date of that act."); *State ex rel. Udall v. Colonial Penn Ins. Co.*, 1991-NMSC-048, ¶ 30, 112 N.M. 123, 812 P.2d 777 ("A contract incorporates the relevant law, whether or not it is referred to in the agreement.").

the sanctions was "almost exclusively" by Defendants' former defense counsel. We understand this to be an argument that the arbitrator exceeded the authority given to a court to impose dispositive sanctions for a discovery violation. Defendants have not persuaded us that the district court erred in refusing to vacate the award on this ground. *See id.*

**{25}**   To begin, we note that Defendants do not contend that Williams was completely without fault. The arbitrator also found that Williams failed to cooperate in discovery, provided "intentionally deceptive" information in discovery, and even after Williams secured new counsel, failed to comply with the arbitrator's sanction order mandating payment of attorney fees. The district court does not have authority to review these facts, *see Fernandez*, 1993-NMSC-035, ¶ 9, and we must view them "in the light most favorable to the prevailing party." *Eagle Laundry*, 2002-NMCA-056, ¶ 14. However, even if we were to assume Defendants' misconduct rested exclusively with Defendants' former attorney, under the law of agency, "[t]he clients are principals, the attorney is an agent, and . . . the principal is bound by his chosen agent's deeds." *Marchman*, 1995-NMSC-041, ¶ 56 (internal quotation marks and citation omitted).

**{26}**   To the extent Defendants contend the arbitrator should have conducted an evidentiary hearing or made findings on the question of Defendants' complicity in their counsel's conduct before imposing sanctions as a matter of due process, Defendants have not persuaded us that this provides a basis for vacating the arbitration award. In support of this argument Defendants cite *Marquez v. Frank Larrabee & Larrabee, Inc.*, 2016-NMCA-087, ¶ 11, 382 P.3d 968. In *Marquez*, this Court vacated the district court's order denying the defendant's motion to set aside a default judgment pursuant to Rule 1-060(B) NMRA, and remanded for an evidentiary hearing to make any findings of fact as to whether the defendants were aware of their attorney's gross negligence. *Marquez*, 2016-NMCA-087, ¶¶ 1, 18.

**{27}**   In so arguing, however, Defendants do not develop an argument that the *Marquez* approach should be extended to proceedings arising from arbitration, or address considerations unique to the scope of our review of arbitration awards, such as the district court's preclusion from reviewing arbitration awards for "errors as to the law or the facts." *Fernandez*, 1993-NMSC-035, ¶ 9. We will not construct this argument for Defendants. *See Pirtle v. Legis. Couns. Comm'n of N.M. Legislature*, 2021-NMSC-026, ¶ 58, 492 P.3d 586; *State v. Murillo*, 2015-NMCA-046, ¶ 17, 347 P.3d 284.

**{28}**   To the extent Defendants argue that the district court erred in refusing to vacate the arbitration award under Section 44-7A-4(a)(3) based on their contention that the arbitrator's sanctions violated the AAA Rules, Defendants have not persuaded us that the district court erred on this ground. As an initial matter, Defendants do not adequately explain how an arbitrator's misapplication of a rule of arbitration would provide a basis for vacating the award under Section 44-7A-24(a)(3). *See Fernandez*, 1993-NMSC-035, ¶ 9 ("In the absence of any of these statutory grounds, the court must confirm an award submitted for review."). However, even on the merits, Defendants have not persuaded us that the arbitrator's sanctions violated the AAA Rules. Central to Defendants'

argument is their contention that the sanctions equated to an impermissible "default award," in violation of the AAA Rule 58(a).

**{29}** AAA Rule 58(a) provides:

> The arbitrator may, upon a party's request, order appropriate sanctions where a party fails to comply with its obligations under these rules or with an order of the arbitrator. In the event that the arbitrator enters a sanction that limits any party's participation in the arbitration or results in an adverse determination of an issue or issues, the arbitrator shall explain that order in writing and shall require the submission of evidence and legal argument prior to making of an award. The arbitrator may not enter a default award as a sanction.

**{30}** Plaintiffs contend the arbitrator erred by "not requir[ing] the submission of evidence and legal argument prior to imposing sanctions." AAA Rule 58(a), however, requires "the submission of evidence and legal argument *prior to making of an award*." *See id.* (emphasis added). Here, Defendants do not dispute that before making his award the arbitrator heard legal argument from both parties, required submission of evidence from Plaintiff, allowed Defendants to voir dire Plaintiff's expert witness and make objections at the hearing, and considered proposed findings of facts and conclusions of law from Plaintiffs and Defendants. Defendants have not carried their burden of demonstrating that the district court erred in refusing to vacate the arbitration award under Section 44-7A-24(a)(3) based on the arbitrator's alleged violation of AAA Rule 58(a).

**{31}** To the extent Defendants argue the sanction preventing them from cross-examining witnesses violated AAA Rule 23 because the rule does not "allow for a prohibition of cross-examination," we disagree.

**{32}** AAA Rule 23 provides in relevant part:

> The arbitrator shall have the authority to issue any orders necessary to enforce [the management of any necessary exchange of information among the parties] . . . including, *without limitation* . . . in the case of willful non-compliance with any order issued by the arbitrator, drawing adverse inferences, excluding evidence and other submissions, . . . ; and . . . issuing any other enforcement orders which the arbitrator is empowered to issue under applicable law.

(Emphasis added.) Defendants fail to address this italicized language, which indicates that the measures provided in Rule 23 are not exclusive.

**{33}** To the extent Defendants contend that the arbitrator's sanctions violated Section 44-7A-16(d) because the entry of these sanctions failed to comport with due process, we also disagree.

**{34}** "Due process requires that a person subject to a sanction receive, at a minimum, *notice of the bases* for the threatened sanctions and an opportunity to defend against them." *Khalsa Tr. of Yogi Bhajan Admin. Tr. v. Puri*, 2023-NMCA-018, ¶ 37, 525 P.3d 394 (emphasis added); *Doňa Ana Sav. & Loan Ass'n, F.A. v. Mitchell*, 1991-NMCA-054, ¶¶ 13-14, 113 N.M. 576, 829 P.2d 655 (holding that an attorney sanctioned for violating Rule 1-011 NMRA was afforded due process where the district court gave the attorney notice of the essential facts and also notice and an opportunity to be heard).

**{35}** Here, Defendants were provided notice of the bases for the challenged sanctions and an opportunity to defend against them. We begin with the first challenged sanction, preventing Defendants from presenting evidence the arbitration hearing. The basis for this sanction was "repeated and willful discovery violations and non-compliance with the [a]rbitrator's [o]rder." Defendants were provided notice of the basis for this sanction through two motions to compel, two orders to compel, and a motion for sanctions. Defendants were also provided an opportunity to defend against the charge that they had failed in their discovery obligations through opportunities to respond to Plaintiffs' two motions to compel and motion for sanctions, which they failed to do. The arbitrator's findings state that he entered the sanction "upon hearing." The entry of this sanction did not violate due process.

**{36}** We turn now to entry of the second sanction, which prohibited Defendants from cross-examining witnesses at the arbitration hearing. The basis for this sanction was Defendants' failure to comply with the arbitrator's previous sanctions order, which ordered Defendants to pay "Plaintiffs' attorney[] fees and costs in the filing of their several motions to compel and motion for sanctions." Defendants do not dispute that they were provided notice of the order to pay attorney fees—by the sanctions order itself, again at a later scheduling hearing at which the arbitrator ordered Williams to pay Plaintiffs' attorney fees, and through Plaintiffs' second motion to compel sanctions resulting from Defendants' failure to pay their attorney fees mandated by the first sanctions order.

**{37}** Defendants also had an opportunity to defend against the charge that they had failed to pay attorney fees ordered by the arbitrator. Defendants do not dispute that Plaintiffs filed their second motion for sanctions based on Defendants' failure to pay attorney fees, or that they failed to respond to this motion. Likewise, Defendants do not dispute that they had an opportunity to defend against their failure to pay attorney fees at a hearing on this motion before the arbitration began. Entry of this sanction did not violate due process.

**{38}** Finally, to the extent Defendants argue that the arbitrator failed to explain how the prohibition of cross-examination was "related to [Defendants'] failure to pay a relatively small monetary sanction," even if we were to assume Defendants' contention is accurate, failure to adequately explain the proportionality of a sanction is not one of the bases upon which an arbitration award may be vacated. *See Fernandez*, 1993-NMSC-035, ¶ 9. Based on the foregoing, Defendants have not demonstrated that the district court erred in refusing to vacate the award pursuant to Section 44-7A-24(a)(3).

**C.    The District Court Did Not Err in Denying Defendants' Motion to Vacate the Arbitration Award Pursuant to Section 44-7A-24(a)(2)**

**{39}**    Defendants next argue that the district court erred in refusing to vacate the award pursuant to Section 44-7A-24(a)(2). As relevant to this appeal, Section 44-7A-24(a)(2) provides, "[T]he court shall vacate an award made in the arbitration proceeding if . . . there was . . . evident partiality by an arbitrator appointed as a neutral arbitrator; [or] corruption by an arbitrator."

**{40}**    Defendants argue the arbitrator "exhibited partiality and bias" based on his entry of sanctions prohibiting Defendants from presenting evidence and cross-examine witnesses at the arbitration hearing.[3] Defendants assert that the arbitrator exceeded his authority in imposing sanctions that violated the AAA Rules,[4] "suggest[ing]" partiality and "betraying corruption."

**{41}**    "[E]vidence of arbitrator partiality must be direct, definite and capable of demonstration rather than remote, uncertain, or speculative." *Silver City*, 1993-NMSC-037, ¶ 16 (internal quotation marks and citation omitted). "The party seeking to vacate the award bears the burden of proving partiality." *Id.*

**{42}**    Here, the arbitrator entered sanctions prohibiting Defendants from presenting evidence at the arbitration hearing as a result of Defendants' "repeated and willful discovery violations and non-compliance with the [a]rbitrator's [discovery o]rder." Moreover, before imposing this sanction, the arbitrator attempted to gain Defendants compliance with less stern measures—through two previous orders compelling discovery. In the arbitrator's first order, he deemed Williams to have waived any objections to Plaintiffs' first set of discovery requests, In the arbitrator's second order, he deemed Plaintiffs' requests for admission admitted. As to the arbitrator's sanction preventing Defendants from cross-examining witnesses at the hearing, the arbitrator imposed this further sanction only after Defendants failed to comply with the sanctions order itself, which required Defendant to pay attorney fees. Inferring "evident partiality," *see* § 44-7A-24(a)(2), from the imposition of sanctions resulting from Defendants' repeated willful and repeated discovery violations and willful non-compliance with the arbitrator's orders compelling discovery is "speculative." *See Silver City*, 1993-NMSC-037, ¶ 16. Such "evidence" of impartiality is neither "direct" nor "definite." *See id.*

**{43}**    Defendants also assert that the arbitrator's entry of sanctions violated the AAA Rules, and thus "suggests" partiality and "betray[s] corruption." Given our discussion in the previous section concerning the arbitrator's authority to enter sanctions, we conclude this argument is also speculative. Plaintiffs have not met their "burden of

---

[3]Defendants also assert for the first time in their reply brief that the arbitrator's damages award demonstrates the arbitrator's partiality. We decline to address this argument. *See Guest v. Berardinelli*, 2008-NMCA-144, ¶ 36, 145 N.M. 186, 195 P.3d 353 ("[W]e do not consider arguments raised in a reply brief for the first time.").

[4]Defendants do not raise this argument pursuant to Section 44-7A-24(a)(4). Our analysis of this issue therefore does not reach this Section. *See Pirtle*, 2021-NMSC-026, ¶ 58.

proving partiality." *See id.* Accordingly, the district court did not err in refusing to vacate the arbitrator award pursuant to Section 44-7A-24(a)(2).

### III. The District Court Did Not Err in Denying Defendants' Motion to Modify the Award Pursuant to Section 44-7A-25

**{44}** Finally, Defendants argue that the district court erred by failing to modify the arbitration award pursuant to Section 44-7A-25(a)(1), (3). Section 44-7A-25(a)(1), (3) provides, "[T]he court shall modify or correct the award if . . . (1) there was an evident mathematical miscalculation . . . or (3) the award is imperfect in a matter of form not affecting the merits of the decision on the claims submitted."

**{45}** Defendants argue that the arbitrator made legal errors in assessing damages, contending that the award should have been reduced by the value of the equipment Hurt retained. We are not persuaded that the district court erred by refusing to modify the award on this ground.

**{46}** "[T]he district court does not have the authority to review arbitration awards for errors as to the law or the facts; if the award is fairly and honestly made and if it is within the scope of the submission, the award is a final and conclusive resolution of the parties' dispute." *Fernandez*, 1993-NMSC-035, ¶ 9. Thus, for any district court's review of arbitration awards for legal or factual errors, the grounds provided in Section 44-7A-25(a)(1), (3) appear to contemplate "technical problems in the execution of the award." *Fernandez*, 1993-NMSC-035, ¶ 9; *see also Rogers v. Red Boots Invs., L.P.*, 2020-NMCA-028, ¶ 44, 464 P.3d 1064 (noting that the substantively similar previous version of Section 44-7A-25 "appeared to concern matters of technical issues in the execution of an arbitration award").

**{47}** Here, Defendants characterize the alleged errors in assessing damages as "legal errors." *Cf. Fernandez*, 1993-NMSC-035, ¶ 9. Moreover, the arbitrator's findings indicate that each component of the award was intentionally made, indicating that the award was not the result of an "evident mathematical miscalculation," § 44-7A-25(a)(1), or other "technical problem[] in the execution of the award"—but was instead "fairly and honestly made." *See Fernandez*, 1993-NMSC-035, ¶ 9. Indeed, the arbitrator delineated each component of the total damages award in his findings. Defendants, who offer no analysis of the language of Section 44-7A-25(a)(1), (3) do not persuade us otherwise. *See Farmers*, 1990-NMSC-100, ¶ 8.

**{48}** To the extent Defendants contend the arbitrator should have reduced the award by the value of the equipment retained by Hurt, the arbitrator determined that Williams "made fraudulent misrepresentations" and found Williams' conduct was "willful and malicious[,] entitling Hurt to punitive damages." *See Jones v. Lee*, 1999-NMCA-008, ¶ 26, 126 N.M. 467, 971 P.2d 858 (noting that fraudulent conduct as a basis for punitive damages for breach of contract, and stating that "the purpose of punitive damages is to punish and deter improper conduct"); *see also* UJI 13-861 NMRA (listing and defining conduct that would justify an award of punitive damages). And to the extent Defendants

contend that the arbitrator should have reduced the award by the value of the income Hurt generated using the equipment, Defendants fail to cite any finding in the arbitrator's award showing such income. We decline to consider this argument further. *See Chan v. Montoya*, 2011-NMCA-072, ¶ 9, 150 N.M. 44, 256 P.3d 987 ("It is not our practice to rely on assertions of counsel unaccompanied by support in the record. The mere assertions and arguments of counsel are not evidence." (internal quotation marks and citation omitted)). Defendants have not carried their burden of demonstrating that the district court erred in refusing to modify the award.

## CONCLUSION

**{49}** Based on the foregoing, we affirm.

**{50}  IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**JANE B. YOHALEM, Judge**